IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

---

**ANTHONY FUGATE, CHAD CHAMBERS,**
*and* **GIDGET THOMAS,**
*Individually, and on behalf of themselves
and others similarly situated,*

  Plaintiff,

        v.                  No. _____

**METRO TRANSPORT GROUP, LLC**

                                     **FLSA Multi-Plaintiff Action**
                                     **JURY DEMANDED**

Defendant

---

### ORIGINAL FLSA MULTI-PLAINTIFF ACTION COMPLAINT

---

Plaintiffs, Anthony Fugate, Chad Chambers, and Gidget Thomas ("Plaintiffs"), individually, and on behalf of themselves and all other similarly situated current and former employees classified as dispatchers, file this Original Multi-Plaintiff Action Complaint against Metro Transport Group, LLC. ("Defendant") and allege as follows:

## I. INTRODUCTION

1. This lawsuit is brought against Defendant as a multi-plaintiff action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid overtime compensation and other damages for Plaintiffs and other similarly situated current and former employees classified as dispatchers.

2. Defendant failed to pay Plaintiffs and those similarly situated at the applicable FLSA overtime rates of pay within weekly pay periods during all times material to this action.

## II. JURISDICTION AND VENUE

3. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiffs were employed by and performed work for Defendant in this district during all times material to this action. In addition, Defendant has conducted business in this district during all times material to this Complaint.

## III. PARTIES

5. Defendant Metro Transport Group, LLC is a limited liability company, with its principal offices and headquarters located at 3054 Highway 11 S Athens, Tennessee 37303-6155.

6. Plaintiff Anthony Fugate was employed as a "dispatcher" by Defendant within this district during all times material herein. (Plaintiff Fugate's Consent to Join this Multi-Plaintiff Action is attached hereto as Exhibit A.)

7. Plaintiff Chad Chambers was employed as a "dispatcher" by Defendant within the district during all times material herein. (Plaintiff Chamber's Consent to Join this Multi-Plaintiff Action is attached hereto as Exhibit B.)

8. Plaintiff Gidget Thomas was employed as a "dispatcher" by Defendant within the district during all time material herein. (Plaintiff Thomas' Consent to Joint this Multi-Plaintiff Action is attached hereto as Exhibit C.)

9. Defendant is employer of Plaintiffs and those similarly situated during all times material to this action.

## IV. FACTUAL ALLEGATIONS

10. Defendant is a carrier that operates a fleet of sprinter vans, cargo vans, straight trucks, and tractor trailers as well as warehousing operations and 3PL services.

11. Defendant has been the "employer" of Plaintiffs and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times relevant to this Multi-Plaintiff Action Complaint.

12. Plaintiffs and all others similarly situated have been current or former employees (hereinafter "potential plaintiffs") of Defendant.

13. Plaintiffs and potential plaintiffs have been "employees" of Defendant as defined by Section 203(e)(1) of the FLSA, and performed work for Defendant within the territory of the United States within three (3) years preceding the filing of this lawsuit.

14. At all times relevant, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenues in excess of $500,000.00.

15. At all times relevant, Defendant has been subject to the pay requirements of the FLSA because they are an enterprise engaged in interstate commerce and their employees are engaged in interstate commerce.

16. Plaintiffs and potential plaintiffs performed work for Defendant in excess of 40 hours per week within weekly pay periods during all times material to this action.

17. Defendant established, implemented, and administered the pay and compensation plans, policies and practices related to Plaintiffs and potential plaintiffs.

18. Defendant was responsible for classifying their employees either as exempt or non-exempt for overtime compensation.

19. Defendant classified Plaintiffs and potential plaintiffs as salary exempt "Dispatchers" and based their salary on a forty (40) hour work week even though they were required to work well over forty (40) hours per week within weekly pay periods during all times material to this action.

20. However, a review of the job duties and responsibilities of Plaintiffs and potential plaintiffs show they should have been classified as non-exempt employees under federal law and, as a consequence, should have been paid overtime compensation for all hours worked over forty (40) per week.

21. More specifically, the job duties of Plaintiffs and potential plaintiffs demonstrate they should have been classified as non-exempt employees under the FLSA because:

    a. They did not exercise discretion or independent judgment with respect to matters of significance or in performing their primary duties;

    b. They did not have the authority to formulate, affect, interpret, or implement management policies or operating practices;

    c. They did not carry out major assignments in conducting the operations of Defendant's business.

    d. They did not have the authority to commit the employer in matters that had any significant financial impact;

    e. They did not have the authority to waive or deviate from established policies and procedures without Defendant's prior approval;

    f. They did not have the authority to negotiate and bind the Defendant on significant matters;

    g. They did not provide consultation or expert advice to management;

h. They were not involved in planning long or short-term business objectives of Defendant;

i. They did not investigate or resolve matters of significance on behalf of management;

j. They were not assigned to perform any office-related job duties;

k. They did not represent Defendant in handling complaints, arbitrating disputes, or resolving grievances;

l. They did not hire or fire employees nor did they supervise any employee; and

m. They did not perform any job duties related to Defendant's business operations of finance, tax, accounting, insurance, quality control, purchasing, procurement, human resources, human resources, labor relations, computer network, internet, database administration, or legal and regulatory compliance.

22. The daily job duties of Plaintiffs and potential plaintiffs consisted of fixing load boards, answering calls to expedite truck loads, instructing truck drivers on where to pick up loads, informing truck drivers of their proper pick-up numbers for loads, uploading proof of delivery when a truck drivers' delivery was complete, and documenting truck drivers' complaints.

23. The primary job activities of Plaintiffs and potential plaintiffs simply do not directly relate to the management or the general business operations of Defendant.

24. Not only did Defendant fail to meet the "duties" test for an overtime compensation exemption related to Plaintiffs and potential plaintiffs, they also failed to meet the "salaried" test for an overtime compensation exemption related to them - during all times material to this action.

25. Specifically, Defendant had a common plan, policy and practice of deducting ("docking") Plaintiffs' and potential plaintiffs' salary if they were absent from work during any weekly work period.

26. Defendant also had a common plan, policy and practice of failing to pay Plaintiffs and potential plaintiffs the applicable FLSA overtime compensation rates of pay for the hours they worked in excess of 40 per week within weekly pay periods during all times material as Defendant only paid the overtime compensation rate when Plaintiffs worked over 45 hours in a week.

27. Plaintiffs and the potential plaintiffs were not compensated at a rate of one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) per work week within weekly pay periods – during all times material.

28. Defendant willfully and with reckless disregard to established FLSA overtime requirements, failed to pay Plaintiffs and potential plaintiffs all the overtime compensation owed them at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material to this action.

29. Defendant knew and was aware at all relevant times they were failing to pay the proper overtime compensation to Plaintiffs and potential plaintiffs, and acted without a good faith basis for such failure.

30. As a result of Defendant's lack of a good faith basis and willful failure to pay Plaintiffs and potential plaintiffs in compliance with the overtime requirements of the FLSA, they have suffered lost wages in terms of lost overtime compensation, as well as suffered other damages.

31. The net effect of Defendant's common plan, policy and practice of misclassifying Plaintiffs and potential plaintiffs as "exempt" from overtime compensation and failing to pay them their owed overtime compensation was a means to save payroll costs and payroll taxes, all for which it has unjustly enriched themselves and enjoyed ill gained profits at the expense of Plaintiffs and potential plaintiffs.

### V. MULTI-PLAINTIFF ACTION ALLEGATIONS

32. Plaintiffs brings this action on behalf of themselves and potential plaintiffs as a multi-plaintiff action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

33. Plaintiffs seek to send notice to the following group of similarly situated current and former employees of Defendant:

    All current and former employees of Defendant who were classified as dispatchers and who worked for Defendant anywhere in the United States at any time during the applicable limitations period covered by this Multi-Plaintiff Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are Named Plaintiffs or elect to join this multi-plaintiff action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "potential plaintiffs").

34. The claims under the FLSA may be pursued by those who join this case under 29 U.S.C. § 216(b).

35. While the exact number of potential plaintiffs is unknown to Plaintiffs at this time, and can only be ascertained through applicable discovery, they believe there are more than 30 potential plaintiffs.

36. The claims of Plaintiffs are typical of the claims of potential plaintiffs. Plaintiffs and potential plaintiffs performed work for Defendant and were subject to the same operational,

compensation and pay plans, policies, and practices, including the failure of Defendant to pay them overtime compensation for all hours worked in excess of forty (40) hours within weekly pay periods during all times relevant to this action.

37. Plaintiffs will fairly and adequately protect the interests of potential plaintiffs as their interests are aligned with the interests of potential plaintiffs. Plaintiffs have no interests adverse to potential plaintiffs, and Plaintiffs have retained competent counsel who are experienced in FLSA multi-plaintiff action litigation.

38. The multi-plaintiff action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual plaintiffs in a multi-plaintiff action are relatively small in comparison to the expenses, costs, and burden of the litigation of individual actions, making it virtually impossible for plaintiffs to individually seek redress for the wrongs done to them.

39. Plaintiffs and potential plaintiffs have suffered and will continue to suffer irreparable damage from the unlawful pay policies, practices, and procedures implemented and administered by Defendant.

40. Defendant is unable to bear its burden of showing that Plaintiffs and potential plaintiffs fall within any of the FLSA overtime exemptions, including but not limited to those announced in 29 C.F.R. §§ 541.300, 541.301, 541.302, 541.303, 541.304, or 541.500.

## COUNT I – <br> RECOVERY OF OVERTIME COMPENSATION

41. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

42. Plaintiffs and potential plaintiffs were misclassified by Defendant as overtime-exempt employees, and as previously addressed.

43. Plaintiffs and potential plaintiffs were/are not exempt from overtime compensation, as previously addressed.

44. During their employment with Defendant, Plaintiff and potential plaintiffs worked more than forty (40) hours per week within weekly pay periods but were not paid overtime compensation for such overtime work time as required by the FLSA, as previously described.

45. Defendant did not have a good faith basis for misclassifying Plaintiffs and potential plaintiffs as exempt from overtime compensation and Defendant are unable to bear their burden of demonstrating that Plaintiff and potential plaintiffs fall within any of the FLSA overtime exemptions.

46. Defendant's failure to pay Plaintiffs and potential plaintiffs one and one-half times the proper regular hourly rate of pay for all hours worked in excess of forty (40) per week within weekly pay periods during all times material was willful and with reckless disregard to established FLSA overtime compensation requirements.

47. Defendant does not have a good faith basis for failing to pay Plaintiffs and potential plaintiffs the overtime compensation they have earned.

48. As a result of Defendant's willful and unlawful acts of failing to pay Plaintiffs and potential plaintiffs earned overtime compensation, they have suffered lost wages and other damages.

49. The unpaid overtime claims of Plaintiffs and potential plaintiffs are unified through a common theory of Defendant's FLSA violations.

50. As a result of Defendant's willful violation of the FLSA and a lack of a good faith basis for its violations, Plaintiffs and potential plaintiffs are entitled to unpaid overtime compensation, liquidated damages, attorney fees and other costs and expenses related to this action.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs, individually and on behalf of themselves and all other similarly situated potential plaintiffs, demand judgment against Defendant and request this Court grant the following relief:

A. Promptly issue notices pursuant to 29 U.S.C. § 216(b), apprising potential plaintiffs of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to join under 29 U.S.C. § 216(b);

B. An award of compensation for unpaid overtime to Plaintiffs and potential plaintiffs;

C. An award of liquidated damages to Plaintiffs and potential plaintiffs;

D. An award of prejudgment interest (to the extent liquidated damages are not awarded) and post-judgment interest at the applicable legal rate to Plaintiffs and potential plaintiffs;

E. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiffs and potential plaintiffs;

F. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action;

G. A Declaration that Plaintiffs and potential plaintiffs were misclassified as exempt and entitled to unpaid overtime damages to be proven at trial;

H. A Declaration that Defendant willfully violated the FLSA; and

I. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

Dated: August 25th 2023.                           Respectfully Submitted,

*s/J. Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
James L. Holt, Jr. (TN BPR #12123)
J. Joseph Leatherwood IV (TN BPR #39490)

**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*jholt@jsyc.com*
*jleatherwood@jsyc.com*

***ATTORNEYS FOR PLAINTIFF
AND FOR OTHERS SIMILARLY
SITUATED***