UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| ANTHONY FUGATE, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:23-cv-00189-TAV-SKL |
| | ) |
| METRO TRANSPORT GROUP, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

This is a Fair Labor Standards Act ("FLSA") case in which Plaintiffs[1] contend they were improperly classified as "exempt" employees and wrongfully denied overtime pay. Currently pending is the parties' Joint Notice of Filing Settlement Agreement and Motion for Approval by the Court [Doc. 22 ("Joint Motion")], which is supported by the parties' jointly filed Memorandum in Support of Joint Motion for Settlement Approval [Doc. 25], and the sworn affidavit of J. Russ Bryant [Doc. 25-1], one of Plaintiffs' attorneys in this case. The proposed Settlement Agreement & FLSA Release is in the record at Docket No. 22-1. The Joint Motion was referred pursuant to 28 U.S.C. § 636 [Doc. 23].

**I.  STANDARDS**

As the Court previously explained [Doc. 24], the FLSA's provision are mandatory and, except in narrow circumstances, are generally not subject to bargaining, waiver, or modification

---

[1] Plaintiffs filed this case as a collective action [Doc. 1]. However, in their amended complaint, which Defendants did not oppose, Plaintiffs removed all "Multi-Plaintiff allegations" to pursue their individual claims only [*see* Doc. 19 at Page ID # 69; Doc. 20; Doc. 21].

by contract or settlement. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The circumstance applicable here occurs when an employee (or employees) brings a private action for overtime wages under 29 U.S.C. § 216(b). In this circumstance, the parties present a proposed settlement to the court, the court reviews the proposed settlement, and if the court determines that it involves the resolution of a bona-fide dispute and is fair and reasonable, the court enters it as a stipulated judgment. *See Paxton v. Bluegreen Vacations Unlimited*, No. 3:16-cv-523, 2019 WL 2067224, at *1 (E.D. Tenn. May 9, 2019) (citing *Rampersad v. Certified Installation, LLC.*, No. 1:12-cv-00032, 2012 WL 5906878, at *1 (E.D. Tenn. Nov. 26, 2012)); *see also Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 3:11-cv-400, 2012 WL 6707008, at *1 (E.D. Tenn. Dec. 26, 2012); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-54 (11th Cir. 1982).[2]

Additionally, the FLSA has a fee-shifting provision which provides that the prevailing party shall recover reasonable attorney's fees and litigation costs. 29 U.S.C. § 216(b). Indeed, an "award of attorneys' fees under the FLSA is mandatory, with the amount of fees within the discretion of the court." *Cruz v. Vel-A-Da, Inc.*, No. 3:90CV7087, 1993 WL 659253, at *3 (N.D. Ohio May 14, 1993) (citing *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984)). "The Court must . . . separately assess the reasonableness of plaintiffs' attorney's fees, even when the fee is negotiated as part of a settlement rather than judicially determined." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). "Attorney's fees

---

[2] This Report and Recommendation does not address the split among courts regarding whether the settlement of FLSA claims requires court approval. The Sixth Circuit has not addressed the issue, but courts in this district have "regularly found it appropriate to review FLSA settlements for approval at the Parties' request." *Reed v. M3K, LLC*, No. 3:22-CV-175-KAC-DCP, 2023 WL 8440262, at *1 (E.D. Tenn. Dec. 5, 2023) (collecting cases).

in FLSA settlements are examined to ensure that the interest of plaintiffs' counsel in counsel's own compensation did not adversely affect the extent of the relief counsel procured for the clients." *Id.* (cleaned up). Generally, when evaluating the reasonableness of attorney's fees, courts consider:

> (1) the value of the benefit rendered; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel.

*Reed*, 2023 WL 8440262, at *2 (quotation marks omitted) (quoting *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009)). Courts must also consider "the degree of success obtained." *Dean v. F.P. Allega Concrete Constr. Corp.*, 622 F. App'x 557, 559 (6th Cir. 2015). Finally, district courts have "considerable discretion in determining the amount of fees to award." *Daniels v. Mendbnb, LLC*, No. 3:22-cv-00462, 2024 WL 644735, at *2 (M.D. Tenn. Feb. 15, 2024) (citing *Dean*, 622 F. App'x at 559), *report and recommendation adopted*, 2024 WL 1019260 (M.D. Tenn. Mar. 8, 2024).

## II. ANALYSIS

The proposed Settlement Agreement & FLSA Release provides that Defendant will pay a total of $28,000 in exchange for a release of all Plaintiffs' claims.[3] Plaintiffs will receive $12,000, with each Plaintiff's portion calculated based on "the number of weeks worked and amount of time he or she worked for Defendant during the limitations period applicable to each of them" [Doc. 25 at Page ID # 114]. The parties represent these calculations "are the result of detailed work by

---

[3] The parties acknowledge the proposed Settlement Agreement & FLSA Release contains a typographical error in paragraph 1.2. The amount of the periodic payments is identified as "**ONE THOUSAND DOLLARS ($1,500).**" In their Memorandum, the parties clarify the correct number is $1,500 [*see* Doc. 25 at Page ID # 111, n.8].

3

counsel" [*id.* at Page Id # 116], and equal "approximately 50% of the unpaid overtime and liquidated damages Plaintiffs claim they are owed" [Doc. 22 at Page ID # 95]. The parties relied on "a three-year look back at the Plaintiff's individual overtime rate of pay." [Doc. 25 at Page ID # 116]. To reach this agreement, the parties report they engaged in some written discovery and two rounds of arms-length negotiations. The first round of negotiations took place after the initial complaint was filed, when this case was a putative collective action. Based on information gleaned in that process, Plaintiffs filed an amended complaint removing the collective action allegations and adding two individual defendants. The parties' negotiations continued, culminating in the instant proposed settlement.

The remaining $16,000 is for attorney fees ($14,675) and litigation expenses ($1,325). Plaintiffs' counsel spent 53.6 attorney hours on this case, which includes "thorough intake interviews with Plaintiffs, in-depth analysis related to time and pay documents produced by Defendants, communication with Plaintiffs regarding factual and legal analysis, preparing pleadings and discovery, negotiating this settlement," and "drafting and filing the settlement agreement and associated approval documents." [Doc. 25-1 at Page ID # 122-24]. Mr. Bryant's affidavit indicates the customary hourly rate his firm charges for FLSA work is $350, making the total "lodestar" amount $18,760 (totaling $20,085 including litigation expenses). *See Dean*, 622 F. App'x at 559 ("In determining the amount of any award under the FLSA, courts start with the lodestar amount: the number of hours worked times a reasonable hourly rate."). Accordingly, the $16,000 fee/expense award represents a $4,085 reduction from the lodestar.

The $350/hour rate certainly falls on the high end of "reasonable" in this case, considering more than half of the 53.6 hours were billed by an associate attorney with less than one year of experience. Nevertheless, the number of hours does not appear excessive, and this Court has found

4

$350/hour reasonable in other FLSA cases, as has the Middle District of Tennessee. *See, e.g.*, *Dean*, 2024 WL 644735, at *2 (citing cases finding $350-$400 were reasonable hourly rates for FLSA litigation); *Sakich v. Bedford Cnty., Tenn.*, No. 4:11-cv-42, 2013 WL 12124250, at *2 (E.D. Tenn. June 12, 2013) (finding hourly rates of $250-$350 reasonable in 2013); *Edwards v. SumiRiko Tenn., Inc.*, No. 3:20-cv-00083-TRM-DCP, Doc. 43 at Page ID # 185 (E.D. Tenn. Aug. 20, 2020) (finding $350 hourly rate reasonable). In this case, most of the remaining work was performed by attorneys with extensive experience [*see* Doc. 25-1 at Page ID # 123-24]. Moreover, as the parties note, Plaintiffs' counsel took the case on a contingency basis and therefore bore the risk of nonpayment if Defendants prevailed on the merits. There is nothing in the record to indicate any fraud or collusion, nor is there any indication the amount of the attorney fee adversely affected the relief available to Plaintiffs.

For an employee with a minimal claim (like Plaintiffs here) to obtain the services of a capable and experienced attorney and law firm, the attorney must be able to recover a reasonable fee. Indeed, the possibility of an attorney fee that eclipses any pay award should add to the incentive for an employer to make a quick and just resolution of even the most minor overtime claims. *See, e.g., Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994) (FLSA attorney fee award "encourage[s] the vindication of congressionally identified policies and rights" (citation omitted)). When the maximum recovery for an individual employee is relatively small because the unpaid wage is relatively minor, an attorney may reasonably recover more than the employee. *See, e.g.*, *Perdomo v. Sears, Roebuck & Co.*, No. 97-2822-CIV-T-17A, 1999 WL 1427752, at *10 (M.D. Fla. Dec. 3, 1999) ($117,629.51 in fees and costs and $17,140.84 in damages); *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 955 (E.D. Wis. 2003) ($36,204.88 in fees and costs and $3,539.91 in damages); *Perrin v. John B. Webb & Assocs.*, No. 604CV399ORLKRS, 2005 WL

5

2465022, at *4 (M.D. Fla. Oct. 6, 2005) ($7,707.40 in fees and costs and $270.00 in damages). In addition, as noted, the proposed fee award already represents a 20% reduction from the lodestar amount.

III.     CONCLUSION

In sum, after reviewing the proposed payment and the other terms reflected in the proposed Settlement Agreement & FLSA Release [Doc. 22-1], as well as the arguments and additional context provided in the Joint Motion [Doc. 22] and Memorandum [Doc. 25], I find the parties have sufficiently demonstrated that a bona fide dispute exists with respect to several material matters, including whether Plaintiffs were properly classified as exempt from overtime, whether they worked uncompensated hours, whether Defendants were responsible for the uncompensated hours, and whether any violations of the FLSA were willful. I further find the proposed settlement, as reflected in the Settlement Agreement & FLSA Release [Doc. 22-1], is a fair and reasonable compromise of the parties' bona fide dispute and that this lawsuit has provided the proper adversarial context to protect Plaintiffs' from any overreaching. In addition to the foregoing, I considered the public interest in settling FLSA claims such as these. *See Estes v. Vanderpool Constr. & Roofing, Inc.*, No. 2:17-cv-58, 2018 WL 3910999, at *2 (E.D. Tenn. July 30, 2019).

I therefore **RECOMMEND**[4] the parties' Joint Motion [Doc. 22] be **GRANTED**. The settlement, including the attorney fee and litigation expenses provisions, should be **APPROVED**

---

[4] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

as being a fair, just, adequate, and reasonable compromise of the disputed issues of law and fact in this action.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE